IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY T. SADOWSKI,                          *

      Plaintiff,                         *

      v.                                 *       Civil Action No. RDB 08-2940

UNITED STATES POSTAL SERVICE,              *
*et al.*,
                                *

      Defendants.                        *

*      *      *      *      *      *      *      *      *      *      *      *      *

## <u>MEMORANDUM OPINION</u>

Originally filed in the Circuit Court for Baltimore County, Maryland, this single-count Complaint was brought by Plaintiff Gary T. Sadowski ("Plaintiff" or "Sadowski") against the United States Postal Service ("USPS"), its employee Rodney M. Walls, and Julia Weche, the personal representative of the estate of a former employee, Edward Weche.  Plaintiff seeks damages for alleged violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*  On November 4, 2008, Defendants removed the case from the Circuit Court for Baltimore County to this Court pursuant to 28 U.S.C. § 1441 and § 1442.

Pending before this Court is Defendants' Motion to Dismiss Individual Defendants (Paper No. 27), which seeks dismissal of Plaintiff's case as to Rodney M. Walls and Julia Weche under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The parties' submissions have been fully briefed and no hearing is necessary on this pending motion.  *See* Local Rule 105.6 (D. Md. 2008).  For the following reasons, Defendants' Motion to Dismiss Individual Defendants is GRANTED, and the individually named Defendants, Rodney M. Walls and Julia Weche, will be DISMISSED from this case.

**BACKGROUND**

The facts contained herein are taken largely from Plaintiff Gary T. Sadowski's Complaint and are viewed in his favor.  *See E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175 (4th Cir. 2000).  Sadowski became employed at the United States Postal Service in 1987, and he worked at the Baltimore Processing and Distribution Center in Baltimore City under the supervision of Defendant Rodney M. Walls and Edward Weche at all relevant times.  (Compl. ¶¶ 8-10.)  Sadowski alleges that in September 2006 he was experiencing high blood pressure and insomnia and that his physician recommended that he apply for twelve weeks of leave under the Family and Medical Leave Act.  (*Id.* ¶ 11.)  Sadowski further alleges that he worked for the USPS for more than the statutorily-required 1250 hours in the twelve months preceding his request for leave, which was made on September 24, 2006.  (*Id.* ¶¶ 9, 13.)  Sadowski began his FMLA leave on or about September 24, 2006, and he received notice from the USPS on November 2, 2006 that his request for FMLA leave had been approved.  (*Id.* ¶¶ 15, 16.)

Notwithstanding the approval notice, however, Sadowski also alleges he received a letter from the USPS dated October 30, 2006 that indicated that he was on Absent Without Leave ("AWOL") status,  and that further directed him to complete additional paperwork.  (*Id.* ¶¶ 17, 18.)  Sadowski alleges that Defendant Walls entered the USPS bank of records and changed his FMLA leave to AWOL.  (*Id.* ¶ 22.)  Sadowski claims that he filed the additional paperwork on November 7, 2006, including a cover letter in which he asked if any other documentation was required.  (*Id.* ¶ 19.)  Sadowski claims that he did not receive a response to his cover letter, and that instead he received a notice to appear at a pre-disciplinary interview, which took place on

November 30, 2006.[1]  (*Id.* ¶¶ 20, 21.)  After the interview, the USPS terminated Sadowski's

employment by notice signed by Defendant Walls and Edward Weche.  (*Id.* ¶ 26.)

On September 22, 2008, Sadowski filed his Complaint against the USPS, Rodney Walls,

and Julia Weche (as the personal representative of the estate of Edward Weche) in the Circuit

Court for Baltimore County.  Sadowski's Complaint alleges that his termination violated the

FMLA, 29 U.S.C. §§ 2615, 2617, because he was statutorily entitled to twelve weeks of leave for

his condition and because the Defendants retaliated against him for requesting and attempting to

use this leave.  Sadowski has not specifically declared his intent to sue Defendants Rodney Walls

and Julia Weche in their individual (as opposed to official) capacities, but he has effectively done

so by seeking damages from the personal estate of Edward Weche.

On November 4, 2008, the USPS, through the office of the United States Attorney for the

District of Maryland, filed a Notice of Removal under 28 U.S.C. § 1446, thus removing this

action from the Circuit Court for Baltimore County to this Court pursuant to 28 U.S.C. § 1441

and § 1442.  Sadowski filed a Motion to Remand under 28 U.S.C. § 1447 on November 19,

2008.  This Court conducted a hearing on Sadowski's Motion to Remand on May 7, 2009, and

the motion was denied for reasons stated on the record.  Now pending is the Defendants' Motion

to Dismiss Individual Defendants under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure.

## STANDARD OF REVIEW

Defendants have moved to dismiss the Complaint as to Rodney Walls and Julia Weche

under both Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to

state a claim, but this Court will review the arguments only under the latter provision of the

---

[1]     Sadowski's request to have an attorney appear on his behalf via teleconference was
denied by Edward Weche.  (Compl. ¶ 25.)

Federal Rules of Civil Procedure.  In *Arbaugh v. Y& H Corp.,* 546 U.S. 500 (2006), the Supreme

Court of the United States explained that "when Congress does not rank a statutory limitation on

coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."

*Id.* at 516.  Thus, in *Arbaugh,* the Supreme Court held that the employee-numerosity requirement

under Title VII was a factual issue that the plaintiff must initially allege and ultimately prove as

an element of the cause of action.  *Id.*  This part of the *Arbaugh* decision is fully applicable to the

issue presented herein, specifically whether public employees may be held individually liable

under the FMLA.  Consequently, this Court will not treat Defendants' arguments as challenging

subject matter jurisdiction.  Rather, Defendants' arguments challenge the substantive sufficiency

of the Plaintiff's Complaint, and will be dealt with accordingly.

      Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a

"short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R.

Civ. P. 8(a).  Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a

complaint if it fails to state a claim upon which relief can be granted, *see* Fed. R. Civ. P.

12(b)(6), and therefore a Rule 12(b)(6) motion tests the legal sufficiency of a complaint.

      A complaint must be dismissed if it does not allege "enough facts to state a claim to relief

that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Under the

plausibility standard, a complaint must contain "more than labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" in order to survive a motion to

dismiss.  *Id.* at 555.  Well-pleaded factual allegations contained in the complaint are assumed to

be true "even if [they are] doubtful in fact," but legal conclusions are not entitled to judicial

deference on a Rule 12(b)(6) motion.  *See id.* (stating that "courts 'are not bound to accept as true

a legal conclusion couched as a factual allegation'" (citations omitted)).

To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* On a spectrum, the Supreme Court has recently explained that the plausibility standard requires that the pleader show more than a sheer possibility of success, although it does not impose a "probability requirement." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* At bottom, the court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.*

## DISCUSSION

The precise issue raised in the pending motion is whether or not public employees, such as Defendant Walls and Edward Weche, can be held liable in their individual capacities for violations of the Family and Medical Leave Act ("FMLA").[2] This is an issue previously addressed by this Court thirteen years ago, which now requires a more detailed analysis in light of subsequent case law. *See Knussman v. State of Md.,* 935 F. Supp. 659, 664 (D. Md. 1996). Resolution of this strictly legal question centers on the FMLA's definition of "employer," which is contained in 29 U.S.C. § 2611(4)(A):

> The term "employer"—
>
> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

---

[2]   It is worth noting that official capacity claims against public employees are the same as suits against the public agency itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'" (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)).

(ii) includes—

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer;

(iii) includes any "public agency", as defined in section 203(x) of this title; and

(iii) includes the Government Accountability Office and the Library of Congress.

29 U.S.C. § 2611(4)(A).

There is no directly applicable case law from either the Supreme Court or the United States Court of Appeals for the Fourth Circuit on the issue presented herein.  There is also a nationwide split of decisional authority on this issue at both the appellate and trial levels, and the parties have agreed that the "courts are in some disarray over this issue."  (*See* Defs.' Mot. Dismiss 4 n.1; Pl.'s Resp. 1.)  In fact, not only is there a split of authority among the circuit courts of appeal, but the district courts within the Fourth Circuit are also split.  Indeed, this Court's opinion in this case is at variance with an opinion it issued thirteen years ago.  *See Knussman,* 935 F. Supp. at 664.

On the one hand, the Sixth and Eleventh Circuits have concluded that public employees cannot be held individually liable under the FMLA.[3]  *See Mitchell v. Chapman,* 343 F.3d 811

---

[3]     The Eleventh Circuit's decision in *Wascura* is less persuasive than the Sixth Circuit's decision in *Mitchell* for two reasons.

First, the Eleventh Circuit determined that the text of the FMLA should be interpreted the same as the text of the FLSA, and therefore it "look[ed] to FLSA decisions to determine whether the term 'employer' includes a public official in his or her individual capacity."  *See Wascura*, 169 F.3d at 685-86.  This Court specifically rejects this interpretation of the FMLA, and will later explain that the term "employer" does not mean the same thing in the FMLA as it does in the FLSA.

(6th Cir. 2003), *cert denied*, 542 U.S. 937 (2004); *Wascura v. Carver*, 169 F.3d 683 (11th Cir.

1999).  In *Mitchell*, the Sixth Circuit held that "the FMLA's individual liability provision does

not extend to public agencies."  343 F.3d at 832.  The court meticulously explained the three

textual reasons that undergirded its holding, *see id.* at 829-32, and then summarized the three

reasons as follows:

> First, Section 2611(4)(A) segregates the provision imposing individual liability from the public agency provision. Second, an interpretation that commingles the individual liability provision with the public agency provision renders certain provisions of the statue superfluous and results in several oddities. Finally, as evidenced by other provisions of the statute, the FMLA distinguishes its definition of employer from that provided in the FLSA by separating the individual liability and public agency provisions.

*Id.* at 832.

District courts within the Fourth Circuit have held that public employees may not be sued

in an individual capacity under the FMLA.  *See Keene v. Rinaldi,* 127 F. Supp. 2d 770, 775

(M.D.N.C 2000) (reviewing at great length the differences between the FMLA and the FLSA,

and holding that "the plain words of [the FMLA] do not suggest that supervisors of a public

agency may be considered to be an employee's employer"); *see also Miller v. City of

Rockingham* 06-0053, 2007 WL 990135 (W.D. Va. March 30, 2007) (adopting the *Mitchell*

Court's reasoning).

---

Second, the holding of the *Wascura* Court was based on prior decisional law of that circuit.  In *Wascura*, the court concluded that the FMLA should be interpreted the same as the FLSA, and therefore was bound by a previous holding of that circuit that "a public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA." *See Wascura*, 169 F.3d at 686 (citing *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995)).  The Eleventh Circuit therefore did not "attempt a textual analysis of the FMLA."  *Mitchell,* 343 F.3d at 828.

On the other hand, however, the Fifth and Eighth Circuits have adopted the opposing position, concluding that public employees may be held individually liable under the FMLA. *See Modica v. Taylor*, 465 F.3d 174 (5th Cir. 2006); *Darby v. Bratch*, 287 F.3d 673 (8th Cir. 2002).  Both the Fifth and Eighth Circuits interpreted the text of the FMLA as permitting a public employee to be individually liable if the public employee violated the FMLA and "act[ed], directly or indirectly, in the interest of an employer."  29 U.S.C. § 2611(4)(A)(ii); *see Modica*, 465 F.3d at 184 ("[I]f a public employee 'acts, directly or indirectly, in the interest of an employer,' he satisfies the definition of employer under the FMLA, and therefore, may be subject to liability in his individual capacity."); *Darby*, 287 F.3d at 681 (finding no basis in the statute "to distinguish employers in the public sector from those in the private sector").  In *Modica*, the Fifth Circuit also rejected *seriatim* the three reasons relied upon by the Sixth Circuit in *Mitchell.  See Modica*, 465 F.3d 185-86.

District courts within the Fourth Circuit have also concluded that public employees may be found individually liable under the FMLA.  *See Sheaffer v. County of Chatham*, 337 F. Supp. 2d 709, 728 (M.D.N.C. 2004) ("The simplest reading of the statutory text compels the conclusion that public employees who act, directly or indirectly, in the interest of the public agency for which they work, may be held individually liable under the FMLA."); *Cantley v. Simmons*, 179 F. Supp. 2d 654, 657 (S.D. W. Va. 2002) ("[U]nder a straightforward reading of the statute, individuals employed by a public agency may be considered 'employers' for the purposes of the FMLA if they meet the requirements of 4(A)(ii)."); *Knussman,* 935 F. Supp. at 664 (finding, without a textual analysis, that "[l]iability under the FMLA is essentially the same as liability under the FLSA").

In *Knussman*, this Court did not conduct a textual analysis of the Family and Medical Leave Act or the Fair Labor Standards Act, nor did this Court note the statutory difference between individual liability generally and individual liability for public employees.  Instead, this Court found that "[l]iability under the FMLA is essentially the same as liability under the FLSA," and that a claim for individual liability against public employees under the FMLA "is not foreclosed" because the Fourth Circuit has indicated, in *dicta*, that individual liability suits may proceed against public employees under the FLSA.  *Knussman*, 935 F. Supp. at 664 (citing *Brock v. Hamad*, 867 F.2d 804, 808 n.6 (4th Cir. 1989) (stating that an individual was properly sued as an "employer" under the FLSA because "he hired and directed the employees who worked for the enterprise")).  In light of the development of more thorough case law, this Court's previous decision in *Knussman* must be revisited.

This Court finds convincing the reasoning given in *Mitchell v. Chapman,* 343 F.3d 811 (6th Cir. 2003) and *Keene v. Rinaldi,* 127 F. Supp. 2d 770 (M.D.N.C 2000), and therefore concludes that the language of the FMLA prohibits public employees from being found individually liable.  As explained in *Mitchell* and *Keene*, and briefly summarized herein, there are several reasons why this statutory scheme does not provide for individual liability being imposed upon public employees.

First, there are four subsections in the FMLA that each add substance to the term "employer," but the subsections are distinct and independent from each other.  Subsection (i) provides a general definition of the term "employer."  *See* 29 U.S.C. § 2611(4)(A)(i) ("The term employer . . . means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.").  Subsections (ii) through (iv)

further amplify the term "employer," and each of those subsections begins with the word

"includes."  Subsection (ii) contains the individual liability provision at issue herein.

Subsections (iii) and (iv) both deal with public employers, *i.e.* "any 'public agency,'" and "the

Government Accountability Office and the Library of Congress."[4]  *See id.* § 2611(4)(A)(iii), (iv).

Thus, the subsection that provides for individual liability (*i.e.* subsection (ii)) is separated from

the subsection that provides for public agency liability (*i.e.* subsection (iii)).

The structure of subsection (ii) demonstrates that subsections (ii) through (iv) are

independent of each other.  *See Mitchell,* 343 F.3d at 829-30; *Keene* 127 F. Supp. 2d at 775-76.

Subsections (ii) through (iv) are each prefaced with the word "includes."  Subsection (ii),

however, is uniquely broken down into two additional subparts, as follows: "(I) any person who

acts, directly or indirectly, in the interest of an employer to any of the employees of such

employer; and (II) any successor in interest of an employer."  *See* 29 U.S.C. § 2611(4)(A)(ii).

Subsection (ii) thus contains a pair of provisions that Congress clearly intended to be

interrelated.  Subsections (iii) and (iv), however, are separate provisions, each of which is also

prefaced by the term "includes."  Thus, although the term "includes" necessarily embodies the

language that follows it, the use of several subsections beginning with the term "includes"

denotes that they are exclusive of each other.[5]  *See Mitchell,* 343 F.3d at 830 ("[T]he separation

---

[4]      As noted in *Mitchell*, "Congress added Section 2611(4)(A)(iv) several years following
the enactment of the FMLA." 343 F.3d at 829 (citing Pub.L. 104-1, § 202(c)(1)(A) (1995).

[5]      If Congress had intended subsections (ii) through (iv) to be read together, it could have
delineated them in one subsection, as it did with the two subparts in subsection (ii).  Under this
framework, section 2611(4)(A) would appear as follows:

The term "employer"—

(i) means any person engaged in commerce or in any industry or
activity affecting commerce who employs 50 or more employees

of otherwise related concepts (*i.e.*, what the term 'employer' 'includes') into distinctly enumerated clauses compels an interpretation that treats each clause in an independent manner."). Thus, this framework indicates that, although subsections (ii) through (iv) all modify the term "employer," the subsections are themselves distinct and independent.

Second, an interpretation of section 2611(4)(A) that permits individual liability for public employees would render certain provisions of the statute superfluous or meaningless, and it has always been "a cardinal principle of statutory construction that [a court] must 'give effect, if possible, to every clause and word of a statute.'" *See Williams v. Taylor,* 529 U.S. 362, 404 (2000) (quoting *United States v. Menasche,* 348 U.S. 528, 538-39 (1955)). The *Mitchell* Court determined, quite convincingly, that commingling clauses (i), (ii), and (iii) would render section 2611(4)(B) superfluous. *See* 29 U.S.C. § 2611(4)(B) ("For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce."). If subsection (i), which provides that an employer "means any person engaged in commerce or in any industry or activity affecting commerce," already modified subsection (iii), then it would be entirely redundant for Congress to again modify

---

for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes—

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer;

(II) any successor in interest of an employer;

(III) any "public agency", as defined in section 203(x) of this title; and

(IV) the Government Accountability Office and the Library of Congress.

subsection (iii) by declaring that "a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce" in section 2611(4)(B).  *See Mitchell,* 343 F.3d at 831.

Commingling subsections (i), (ii), and (iii) creates a second statutory anomaly, which was recognized in *Keene*.  As mentioned above, subsection (ii) is further broken into two additional subparts.  The first subpart (I) is the individual liability provision, and that subpart can be practically applied to subsections (iii) and (iv).  The second subpart (II) is the successor-in-interest provision, but that second subpart makes little sense when applied to a public agency in subsection (iii), and no sense whatsoever when applied to the Government Accountability Office and the Library of Congress in subsection (iv).  *See Keene* 127 F. Supp. 2d at 776; *see also Mitchell,* 343 F.3d at 831.  Thus, an interpretation of section 2611(4) that does not permit individual liability to public employees gives the statute its full effect.

It appears from this Court's review that a majority of courts have found that individual liable may be imposed on public employees under the FMLA because the FMLA must be interpreted the same as the FLSA.  *See, e.g., Modica*, 465 F.3d at 186-87; *Wascura*, 169 F.3d at 685-86; *Cantley*, 179 F. Supp. 2d at 658.  This Court previously reached this conclusion in *Knussman*.  The basis of this line of reasoning is that the FMLA's definition of "public agency" is lifted directly from the FLSA, *see* 29 U.S.C. § 2611(4)(A)(iii) (citing section 203(x) of the FLSA), and that the language of the two statutes is substantially similar.  *Compare* 29 U.S.C. § 2611(4)(A)(ii)(I) ("The term 'employer' . . . includes . . . any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."), *with* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency . . . .").

Far from establishing that the two statutes should be interpreted the same, however, the similarities between the two statutes serve to underscore a material difference that requires that they be interpreted differently with respect to the question of individual liability for public employees.  In the Fair Labor Standards Act, the term public agency is contained within the same clause as the individual liability provision.  *See* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee *and includes a public agency* . . . ." (emphasis added)).  In the Family and Medical Leave Act, however, Congress extracted the public agency provision from the individual liability provision, and placed the two provisions in separate, disconnected subsections.  *See* 29 U.S.C. § 2611(4)(A)(ii), (iii).  As explained in *Keene*, and as adopted in *Mitchell*:

> In 1974 Congress merely engrafted "Public Agency" into the FLSA by adding to an existing definition for private employers. This did create an ambiguous situation concerning the liability of public agency employees.  But, in the FMLA, Congress explicitly took "Public Agency" out of the private employer definition and disconnected it from liability based on a person acting directly or indirectly in the interest of an employer.  Therefore, a better way to view the situation is that the FMLA corrected the ambiguity of the FLSA, as opposed to letting the ambiguity of the FLSA control the interpretation of the FMLA.

*Keene* 127 F. Supp. 2d at 775-76 n.2; *see also Mitchell,* 343 F.3d at 832.  Thus, although Congress applied many of the relevant FLSA definitions to the FMLA, and although it used substantially identical language in the two statutes, it specifically chose to depart from the FLSA in one material instance dispositive on the issue presented—under the FMLA, the individual liability provision and the public agency provision are separate and distinct from one another.

For this reason, the cases interpreting whether a public employee can be held individually liable under the FLSA are inapposite to answering the same question under the FMLA.[6]

In sum, this Court adopts the reasoning of *Mitchell* and *Keene*, and consequently concludes that the FMLA does not permit public employees to be held liable in an individual capacity.  Because of this conclusion, Plaintiff may not maintain an action against Defendants Rodney Walls and Julia Weche, and they will be DISMISSED from this case.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss Individual Defendants is GRANTED. A separate Order follows.

Dated:  August 17, 2009                    /s/_____
                                           Richard D. Bennett
                                           United States District Judge

---

[6]     Although the statutory text mandates the conclusion reached herein, this Court also agrees with *Mitchell* that the federal regulations also support this conclusion.  As the *Mitchell* Court explained,

> Title twenty nine C.F.R. § 825.104(a) provides that "employers covered by FMLA also include any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer,  any successor in interest of a covered employer, and any public agency."  29 C.F.R. § 825.104(a).  The regulation's express separation between public agency and the "directly or indirectly" language supports [a] similar interpretation of Section 2611(4)(A).   In addition, the example of individual liability provided in the regulations exclusively pertains to the corporate setting, thereby evincing an intent to limit such liability to the private sector.  *See* 29 C.F.R. § 825.104 (d) ("As under the FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of the FMLA.").

*Mitchell,* 343 F.3d at 832.